UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF TENNESSEE, THE STATE OF GEORGIA, and THE STATE OF FLORIDA *ex rel.* THOMAS BINGHAM, <br><br> Plaintiffs/Relator, <br><br> v. <br><br> HCA, Inc., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) 1:08-CV-71 <br><br> Judge Curtis L. Collier |

## MEMORANDUM & ORDER

Before the Court are two motions. The first is a "Motion for *In Camera* Review of Remaining Sealed Court Filed Documents and to Unseal all Sealed Court Filed Documents That Should be Made Public" filed by Relator Thomas Bingham ("Relator") (Court File No. 78). The Relator moves for the Court to examine *in camera* all court-filed documents that are still sealed in this case and, after examining them, unseal the documents it determines should not remain sealed. The United States of America ("United States") filed a response to the Relator's motion. After reviewing the remaining sealed documents, the United States only requests that the Court maintain a seal on the following: a declaration filed by Assistant United States Attorney Elizabeth Tonkin; two declarations filed by Assistant Attorney General for the State of Tennessee Timothy Harlan; and portions of a hearing transcript (Court File No. 88). In support of this request, the United States also filed an *ex parte* motion to retain the seal on these four documents (Court File No. 90). The State of Tennessee filed a response to the Relator's motion adopting and incorporating the relevant portions of the United States' response (Court File No. 89).

For the reasons explained below, the Court **RESERVES RULING** on the motions filed by the Relator (Court File No. 78) and the United States (Court File No. 90). The United States may submit a supplemental brief, if it so chooses, to explain *with specificity* why the Court should retain the seal on these four documents as well as if the documents are amenable to redaction (or further redaction with respect to the hearing transcript). Such briefing, if any, must be submitted **within fourteen days of the entry of this order.**

This action was brought by the Relator against Defendant HCA, Inc. ("HCA") on March 26, 2008, alleging violations, *inter alia*, of the Federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* (Court File No. 1). The complaint was amended on two occasions (Court File Nos. 16, 37). Over a period of more than three years, the United States and the relevant state entities filed numerous motions for extensions of time to determine whether to intervene in the FCA *qui tam* action. The Court granted all of the requests. On September 17, 2012, the United States and the State of Tennessee filed a notice of partial intervention (Court File No. 76). The United States, the State of Tennessee, and the Relator then filed a stipulation that stated the parties had entered into a settlement agreement and agreed to dismiss the case with prejudice (Court File Nos. 77, 79, 80). The State of Georgia and the State of Florida also stipulated to voluntary dismissal with prejudice (Court File Nos. 70, 81).

The Court granted a motion filed by the United States and the State of Tennessee to unseal certain documents in the case (Court File No. 74). Specifically, the Court unsealed the Relator's complaint and amended complaints, the notice of intervention, and the stipulation of dismissal. The Court also ordered that all other previously filed papers and orders remain under seal. Subsequent pleadings would not be filed under seal.

In light of the Relator's motion and the United States' concession that it only seeks to keep four documents sealed, the Court must determine whether maintaining a seal on these documents is proper. The FCA expressly provides for the unsealing of the complaint but does not explain how courts should handle the unsealing of other court documents. *United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-CV-285, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007). As a result, many of the federal courts that have considered this issue have concluded courts have the authority either to keep the documents under seal or unseal them. *Id.*; *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). However, in making this determination, courts should "balance the need for disclosure against the harms that could arguably flow from unsealing the documents." *United States ex rel. Yannity v. J&B Medical Supply Co.*, No. 08-11825, 2011 WL 4484804, at *5 (E.D. Mich. Sept. 27, 2011). Not only is there a presumption in favor of public access, but that presumption is "especially strong where, as here, the filings involve matters of particular concern to the public, such as allegations of fraud against the government." *United States v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008) (quoting *United States ex rel. Jack Permison v. Superlative Techs.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007)). A court should be careful to not disclose "information that could reveal confidential investigative techniques employed by the Government, jeopardize ongoing investigations or other prosecutions, or injure non-parties." *Howard*, 2007 WL 1513999, at *2 (citations omitted). However, "it is proper to grant a motion to unseal a document that reveals only 'routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business . . . ." *Yannacopolous*, 457 F. Supp. 2d at 858

3

(citing *Mikes*, 846 F. Supp. at 23).

Before sealing court documents the Court must make specific findings justifying the sealing. As stated recently in *Tri-County Wholesale Distributors, Inc. v. Wine Group, Inc.*, 2012 WL 2478357 (6th Cir. June 29, 2012)( J Gwin concurring and dissenting in part):

> The public holds a qualified constitutional right of access to court documents that extends well beyond judicial opinions. The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); see also *In re Application of Nat'l Broad. Co.*, 828 F.2d 340, 345 (6th Cir.1987) (district court made inadequately specific findings that compelling interests favored closure). The right attaches to civil proceedings, *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 695–96 (6th Cir.2002), and constitutional standards apply not only to courtroom proceedings, but to dockets, pleadings, and documents attached to pleadings. See *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir.2004); *In re New York Times Co. v. Biaggi*, 828 F.2d 110, 114 (2d Cir.1987).

2012 WL 2478357 * 12.

Here, the United States contends the Court should retain a seal on the following four documents: a declaration filed by AUSA Tonkin (Court File No. 60, Ex. 1); two declarations filed by Assistant Attorney General Harlan (Court File Nos. 52, 64); and portions of a hearing transcript dated November 2, 2011 (Court File No. 66 at 21:5-11, 23:15-22, 24:3-6). The United States requests that these documents be maintained under seal to protect the identity of witnesses from whom the United States may seek cooperation in future investigations. The United States also claims these documents contain information about the government's investigative techniques that should remain confidential to assist in future investigations. While these are certainly grounds that could support a motion to retain the seal on certain documents, the Court cannot reach such a conclusion from the averments in the United States' *ex parte* motion. The United States' motion generally

4

alleges harm but, by itself, fails to rise to the level necessary to justify keeping these documents under seal. A cursory review of the documents only reveals information pertaining to general investigative matters, which does not outweigh the interest of public access, and does not allow the Court to make the specific findings necessary to maintain court records under seal.

The Court will give the United States an additional fourteen days to submit a supplemental brief, if it so chooses, to explain *with specificity* why the Court should maintain the seal on each of the four documents as well as if the documents are amenable to redaction (or further redaction with respect to the hearing transcript). Such supplemental briefing must be submitted **within fourteen days of the entry of this order.** The Court **RESERVES RULING** on the motions filed by the Relator and the United States until this fourteen-day window has passed.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**